FRANCESCHI *v.* EL REGISTRADOR DE LA PROPIEDAD.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Ponce.

No. 12.—Resuelto en noviembre 12, 1907.

MANDATARIO—INSCRIPCIÓN.—Autorizado un mandatario, como presidente de una sociedad Agrícola, para trasmitir el dominio de las fincas qué ésta posea, á los socios que las hubieran aportado á dicha sociedad, ó á las personas que aquellos tuvieran á bien designar, no se excede, sino que por el contrario se ajusta á las atribuciones conferídales, el mandatario que traspasa á un ter-

cero, por orden de uno de los socios, las fincas aportadas por éste á la sociedad, sin que sea necesario otorgar la rescisión de la aportación y la enagenación al tercero, en documentos distintos, pues ambos actos pueden formalizarse en una misma escritura, que es perfectamente inscribible.

ID.—ESCRITURA DE COMPRA-VENTA.—Autorizado un mandatario. para *reclamar, cobrar y percibir cuantas cantidades de dinero, frutos ú otras especies se adeuden ó adeudaren á su poderdante, otorgando los correspondientes recibos, cartas de pago y cancelaciones,* etc., queda implícitamente autorizado para recibir ó aceptar, á nombre de su poderdante, una escritura de compra-venta de bienes inmuebles.

ID.—RATIFICACIÓN DEL CONTRATO.—La impugnación, por el poderdante, de una nota denegatoria de inscripción de un contrato otorgado por su mandatario, y la interposición, por aquél, del correspondiente recurso gubernativo, constituye una ratificación de los actos del mandatario que convalidaría cualquiera extralimitación de facultades en que el último hubiera podido incurrir.

ID.—DEFECTOS SUBSANABLES—FALTA DE DESCRIPCIÓN DE LA FINCA.—La falta de descripción de la finca originaria de que se segregara aquella que se pretende inscribir, constituye un defecto subsanable que debe hacerse constar en el registro de la propiedad.

ID.—EDAD DE LOS OTORGANTES.—La falta de expresar en la escritura la edad de los otorgantes no constituye defecto alguno, si de la misma aparece que todos son mayores de edad, pues esta circunstancia es suficiente para que el registrador pueda juzgar de la capacidad de los comparecientes para otorgar la referida escritura.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Yordán Dávila.*

EL JUEZ PRESIDENTE SR. QUIÑONES, emitió la opinión del tribunal.

*Visto* el presente recurso gubernativo interpuesto por el abogado Don L. Yordán Dávila, á nombre de Don Francisco María Franceschi y Gregori contra nota denegatoria del Registrador de la Propiedad de Ponce á inscribir una escritura de compra-venta, compromiso de venta y arrendamiento.

*Resultando:* que por escritura pública otorgada en el pueblo de Adjuntas, ante el notario de esta Isla, con residencia en Ponce, Don Carlos F. Chardón y León, en 27 de octubre de 1904, Don Lucas Amadeo y Antonmarchi y Don Juan Gutiérrez Velasco, en su carácter de presidente y secretario, respectivamente, de la sociedad anónima titulada "Unión Agrícola," domiciliada en la ciudad de Ponce, en cumplimiento del acuerdo tomado por la junta general de accionistas de dicha sociedad celebrada en el pueblo de Adjuntas, en 15 de mayo

del mismo año, por el que, entre otros particulares, se autorizó al director gerente, que lo era el presidente Don Lucas Amadeo, para trasmitir el dominio de las fincas que poseía la "Unión Agrícola" á las personas que las aportaran á la sociedad, por no haber podido pagarles el precio en que habían sido valoradas dichas fincas al ser aportadas, quedando igualmente facultado para hacer dicho traspaso á favor de las personas que designaran los dueños de las fincas, en cuyo caso éstos deberían concurrir al otorgamiento de la escritura para autorizar la transferencia; en uso de la autorización contenida en el citado acuerdo, vendieron á Don Francisco Mª. Franceschi y Gregori una finca rústica de 175 cuerdas de terreno, 25 céntimos de otra, radicada en el barrio del "Pueblo" del término municipal de Adjuntas, que había adquirido dicha sociedad de Don Anecto Caballero y Balbás, en precio y cantidad de 15,000 dollars que le era éste en deber, y que en esa forma debían entenderse pagados, siendo además, convenido en dicha escritura que el comprador Don Francisco Mª. Franceschi, por conducto de su apoderado Don Antonio Luchetti, que también concurrió al otorgamiento de la escritura y la había aceptado, daba en arrendamiento á Don Anecto Caballero la misma finca que acababa de adquirir por el término de 10 años y por el canon y bajo las demás condiciones que se especifican en dicho contrato; bien entendido que si el arrendatario Sr. Caballero y Balbás, dentro del plazo de los 10 años estipulados, entregase á Don Francisco María Franceschi y Gregori, ó á su legítimo representante, los 15,000 dollars que se habían dado de valor á la finca arrendada, dicho Sr. Franceschi, ó quien legalmente lo representara, le otorgaría inmediatamente la escritura de venta de la mencionada finca, al Sr. Caballero, ó á la persona que éste designara, quedando *ipso facto* terminado el contrato de arrendamiento; cuya escritura fué aceptada en todas sus partes por Don Anecto Caballero y su esposa Doña Teresa Amadeo, que también concurrió á su otorgamiento.

*Resultando:* que presentada una copia de esta escritura al Registro de la Propiedad de Ponce para su inscripción, la

denegó el registrador por los motivos que expresa la nota que puso al pie de dicho documento, la que copiada á la letra dice así:

"Denegada la inscripción del documento que precede por los defectos insubsanables siguientes: Primero. Porque los representantes de la "Unión Agrícola" carecían de facultades, según los términos del acuerdo, de la junta de accionistas de 30 de julio de 1905, para otorgar la venta á Don Francisco María Franceschi, que resulta del precedente documento; pues del total contenido del acuerdo de la junta que al particular se refiere, se ve claramente que su único propósito es la rescisión de las aportaciones de las respectivas fincas que hicieron los socios al constituir dicha sociedad, y si bien la ampliaron hasta facultar al Presidente para traspasar las propiedades á terceras personas que designasen los accionistas interesados, semejante traspaso había de verificarse al único título existente, que es el de rescisión, y en tal caso carecería de causa en cuanto al tercer adquirente, que no fué parte en el convenio. Segundo. Por la confusión que resulta, de haber tratado de simular en un contrato anómalo de compra-venta, que ha exigido la concurrencia de tres partes diversas, dos contratos absolutamente distintos, que son: la rescisión de la aportación que á la sociedad hizo Don Celso Caballero, y la dación en pago que hace éste á su acreedor Don Francisco María Franceschi, operaciones ambas que han debido realizarse separadamente. Y tercero. Porque el poder de Don Francisco María Franceschi á Don Antonio Luchetti, no le confería facultades para autorizar la compra á que se refiere el anterior documento. Y tomada en su lugar anotación preventiva por 4 meses, al folio 85 del tomo 61 del ayuntamiento de Adjuntas, finca número 2735, anotación letra A, en la que se consignaron, además, los defectos subsanables de no expresarse en la escritura que antecede la edad de los otorgantes ni describirse totalmente la finca originaria de que se segrega la enajenada.—Ponce, y mayo 13 de 1907."

*Resultando:* que contra esta nota ha interpuesto en tiempo el abogado L. Yordán Dávila, á nombre de Don Fràncisco Mª. Franceschi, el presente recurso gubernativo para que se revoque y se le ordene al registrador la inscripción de la escritura.

*Resultando:* del poder otorgado por Don Francisco Mª. Franceschi y Gregori á favor de Don Antonio Luchetti y Ciavaldini en Ponce, á 14 de mayo de 1898, que en testimonio fehaciente se presentó al registro, en unión de la escritura de que se trata, que el compareciente Don Francisco Mª. Franceschi daba y confería el más amplio y eficaz poder á su apoderado el Don Antonio Luchetti para que á voz y nombre del otorgante y representando su propia persona, derechos y acciones, y con arreglo á las instrucciones que por separado le comunicara, hiciera y practicara lo siguiente:

"Primero. Administre, dirija y gobierne todos los bienes, derechos y acciones que por cualquier título ó motivo posee en la actualidad el señor otorgante, ó pueda adquirir en lo sucesivo, sea cual fuere su procedencia: atienda á su conservación y fomento y los dé en inquilinato ó arrendamiento por el tiempo y bajo el canon y condiciones que estime convenientes, etc.

Segundo. Reclame, cobre y perciba cuantas cantidades de dinero, frutos ú otras especies se estuvieren adeudando ó adeudaren en lo sucesivo al señor exponente, sea cual fuere su procedencia; y de lo que percibiere y llevare á su poder, otorgue los correspondientes recibos, cartas de pago y cancelaciones totales ó parciales, escriturarias ó hipotecarias, etc."

*Resultando:* del acta de la junta general de accionistas de la sociedad "Unión Agrícola" de 30 de julio de 1905, á que se refiere el registrador en su nota, y que obra agregada á la escritura de protocolización de las actas de dicha sociedad, otorgada en Ponce, ante el notario Don Carlos F. Chardón y León en 18 de agosto de 1905, y que tuvo el registrador á la vista al calificar la escritura de que se trata, que ésta fué precisamente una de las aprobadas por dicha junta general entre otras muchas más otorgadas por el presidente Don Lucas Amadeo y Antonmarchi, en uso de la autorización que se le había conferido por la junta general de accionistas que tuvo lugar en Adjuntas el 15 de mayo de 1904, para trasmitir el dominio de las propiedades de la sociedad á los accionistas

que las habían aportado, ó á las personas que éstos designaran, con las demás condiciones consignadas en el expresado acuerdo.

*Considerando:* que estando autorizado competentemente el presidente de la sociedad "Unión Agrícola" por el acuerdo de la junta general de accionistas, celebrada en 15 de mayo de 1904 en el pueblo de Adjuntas, para trasmitir el dominio de las fincas que poseía la "Unión Agrícola" á las personas que las habían aportado á la sociedad, ó á las que éstas tuvieran á bien designar, no se excedió, sino antes al contrario, se ajustó estrictamente á las atribuciones que se le habían conferido, al vender y traspasar por la escritura de que se trata á Francisco Mª. Franceschi, por orden de Don Celso Caballero, la finca de 175 cuerdas que había éste aportado á la sociedad, en pago de los 15,000 dollars de que le era deudor al comprador; y cuya escritura, á mayor abundamiento, resulta aprobada y ratificada expresamente por la misma junta general celebrada en el mismo pueblo de Adjuntas el 30 de julio de 1905, por lo que no puede sostenerse que los representantes de la "Unión Agrícola carecieran de facultades para otorgarla á Don Francisco Mª. Franceschi, como lo consigna el registrador en su nota.

*Considerando:* que no existe confusión ni dificultad alguna en que el presidente de la "Unión Agrícola" y Don Celso Caballero, autorizado el primero por la junta de accionistas, hubieran dado por rescindida la aportación á la sociedad de la finca del Sr. Caballero, y que en la misma escritura la hubiera éste vendido al Sr. Franceschi en pago de los 15,000 dollars que le debía, pues no hay ley ni principio alguno que lo prohiba, ni que requiera en estos casos la extensión de dos documentos separados.

*Considerando:* que estando autorizado Don Antonio Luchetti, como apoderado de Don Francisco María Franceschi, entre otras facultades, para reclamar, cobrar y percibir cuantas cantidades de dinero, frutos ú otras especies se estuvieren adeudando ó adeudaren en lo sucesivo al poderdante, sea cual

fuere su procedencia, y de lo que percibiere y llevare á su poder, otorgara los correspondientes recibos, cartas de pago y cancelaciones totales ó parciales, etc., implícitamente lo estaba para recibir ó aceptar la venta de la finca del Sr. Caballero en pago de lo que éste le debía á su poderdante, máxime cuanto que, habiendo impugnado el Sr. Franceschi la nota del registrador de la propiedad en el presente recurso gubernativo y solicitado que se revoque dicha nota y se ordene al registrador la inscripción de la escritura, es visto que la acepta en todas sus partes, lo que equivale á una ratificación tácita de la misma que la convalidaría en el caso de haber sido otorgada por el apoderado con extralimitación de sus facultades.

*Considerando:* por tanto, que ninguno de los motivos consignados por el registrador en su nota, únicos de que este tribunal puede ocuparse en el presente recurso gubernativo constituye defecto ó vicio de nulidad que impida la inscripción de la escritura en el registro de la propiedad.

*Considerando:* en cuanto á los defectos subsanables relacionados por el registrador que, sólo puede admitirse como tal, el de no haberse descrito totalmente en la escritura la finca originaria de la que se segrega la enajenada, como lo establece la resolución de la dirección general de los registros de 1º. de diciembre de 1892; mas no así ·el que se refiere á no expresarse en la escritura la edad de los otorgantes; pues constando en ella que todos son mayores de edad, basta esto para que el registrador pueda juzgar de la capacidad de los comparecientes para otorgar la escritura de que se trata.

*Vistos* los artículos 1058, 1222, 1225 y 1226 del Código Civil revisado, el 65 de la Ley Hipotecaria y el 110 del Reglamento de la misma, y la resolución citada de la Dirección General de los Registros.

*Se revoca* la nota denegatoria puesta por el Registrador de la Propiedad de Ponce al pie de la escritura de que se trata en el presente recurso, y se declara que ésta es inscribible; y con devolución de dicha escritura y de los demás documentos

acompañados, remítase al registrador con copia certificada de la presente resolución para que proceda á la inscripción de la escritura con el defecto subsanable á que se refiere en el segundo extremo de su nota.

*Revocada.*

Jueces concurrentes: Sres. Hernández, Figueras, Mac-Leary y Wolf.