DIONISIO LOTTI LUCHESSI, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE PONCE, recurrido.

Núm. 1012.—*Sometido:* Diciembre 3, 1937. *Resuelto:* Enero 25, 1938.

*Luciano Colón*, abogado del recurrente;

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Camilo Soto era dueño de 25 cuerdas de terreno, debidamente inscritas en el registro de la propiedad. Segregó y vendió por escritura notarial debidamente inscrita en el registro de la propiedad dos parcelas—una de 21 cuerdas y la otra de 1.75 cuerda—con un total de 22.75 cuerdas. Dionisio Lotti Luchessi es hoy en día el dueño, según el registro, de esas dos parcelas. Así, pues, Camilo Soto continuó en posesión de las restantes 2.25 cuerdas.

En una escritura notarial otorgada por Soto y su esposa el 7 de octubre de 1930 se hace constar que Soto, por documento ella expone que la parcela de 2.25 cuerdas era el rema- a Emilia Soto por la suma de cincuenta dólares, 2.25 cuerdas situadas en el barrio Rucio, en un sitio conocido por Jayas, en Peñuelas, lindantes al este con Juan Torres y por los otros tres lados con Dionisio Lotti. En esa escritura pública Soto y su esposa ratificaron la venta anterior.

En un documento público otorgado el 25 de mayo de 1934, Emilia Soto vendió las 2.25 cuerdas a Lotti. En este documento ella expone que la parcela de 2.25 cuerdas era el rema-

nente de las 25 cuerdas arriba mencionadas, luego de efectuarse la segregación y venta a Lotti de las dos parcelas de 21 cuerdas y 1.75 cuerda que también se mencionan más arriba.

El registrador se negó a inscribir la venta efectuada por Camilo Soto a Emilia Soto debido a que el primero no se había unido a ella en la subsiguiente identificación que de las 2.25 cuerdas se hizo como remanente de las 25 cuerdas.

La sección 4 de una Ley sobre Recursos contra las Resoluciones de los Registradores de la Propiedad, aprobada el 1 de marzo de 1902 (Estatutos Revisados de 1911, sección 2183), dispone:

"Los registradores no suspenderán por defectos subsanables la inscripción, anotación o cancelación de ningún título. En la inscripción harán constar los defectos que contenga el título y en cualquier tiempo en que se presente la documentación para subsanarlo, se hará constar la subsanación por medio de nota marginal."

El hecho de que Camilo Soto no se uniera en la identificación de las 2.25 cuerdas previamente vendidas por él a Emilia Soto era, a lo sumo, un defecto subsanable. *Franceschi* v. *Registrador,* 13 D.P.R. 227, y *Cadilla* v. *Registrador,* 19 D.P.R. 80.

*Debe revocarse la nota recurrida.*

El Juez Asociado Señor Córdova Dávila no intervino.