Palacios, Recurrente, *v.* El Registrador de Humacao,
Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Humacao denegando la inscripción de una escritura de compraventa.

No. 572.—Resuelto en noviembre 12, 1923.

Sociedad Mercantil—Gestor—Venta de Bienes Inmuebles—Defecto Subsanable e Insubsanable.—Denegada la inscripción de una escritura por virtud de la cual cierta sociedad mercantil aparece vendiendo un bien inmueble por medio de su *se dicente* gestor, porque no se acreditaron debidamente las facultades del gestor, el tribunal confirmó la nota. Las facultades del gestor debieron acreditarse, bien transcribiendo en la misma escritura de venta la parte correspondiente del contrato social, ya presentando éste en el registro, pudiendo la falta de ello constituir un defecto insubsanable en el caso de que el gestor no tuviera en realidad la facultad ejercitada. El hecho de haber comparecido el gestor en la escritura de compra de la propia finca y haberse calificado el defecto de subsanable, no obliga al registrador. Es distinta la posición que se asume al comprar de la que se adopta al vender.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. A. García Veve.*.

El registrador recurrido compareció por escrito.

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

Presentada para su inscripción en el registro de la propiedad de Humacao la escritura de compraventa otorgada

ante notario público de una parte. por "Diego Agüeros y
Compañía, S. en C.," sociedad mercantil, como vendedora,
representada por su socio Diego Agüeros, y de otra, por
Arturo Palacios, como comprador, el registrador se negó
a inscribirla por medio de una nota que dice:

"Denegada la inscripción de este documento porque no se acre-
dita con el documento social correspondiente el carácter y las fa-
cultades del gestor señor Agüeros para otorgar el contrato de
compraventa."

No conforme la parte interesada, interpuso el presente
recurso gubernativo, sosteniendo que la escritura debió ins-
cribirse con el defecto subsanable de no haberse acreditado
debidamente las facultades del socio gestor, sobre todo apa-
reciendo como aparecía del mismo registro que cuando la
sociedad "Diego Agüeros y Compañía, S. en C." adquirió
la finca de que se trata, fué representada en la escritura
también por Diego Agüeros y dicha escritura se inscribió
en el registro con el defecto subsanable de no acreditarse
el carácter de gestor del dicho Diego Agüeros.

A nuestro juicio debe sostenerse la nota recurrida.  El
hecho de la anterior calificación de defecto subsanable no
obliga al registrador.  La posición de Agüeros al interve-
nir en la compra, puede distinguirse de su posición al in-
tervenir en la venta.

El defecto apuntado por el registrador, cuya existencia
admite el mismo recurrente, puede ser subsanable o insub-
sanable.  Si de hecho Diego Agüeros tenía facultad para
otorgar el documento a nombre de la sociedad, con la sola
presentación de la escritura social el defecto quedaría sub-
sanado, pero si no la tenía y la sociedad no se aviene a
ratificar la venta, ésta sería nula de toda nulidad.

Bajo las anteriores circunstancias, no creemos que de-
bamos alterar la nota del registrador.  Si su documenta-
ción es clara, más fácil y correcto y rápido le hubiera sido

al recurrente presentar la escritura de constitución social en el registro, ya que el notario no transcribió en el documento creditivo de la venta la parte necesaria de ella, que recurrir a este Tribunal Supremo.

Debe declararse sin lugar el recurso establecido.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.