ENRIQUETA ACARÓN VIUDA DE PALMER, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 742.—*Sometido:* Noviembre 21, 1928. *Resuelto:* Febrero 15, 1929.

*José Sabater,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El registrador de la propiedad se negó a inscribir un contrato de arrendamiento por el término de diez años, otorgado por un apoderado, fundándose en que el documento no iba acompañado de la escritura de poder, y en lo referente a una novena parte de la finca arrendada, por el fundamento adicional de que tal condominio pro indiviso aparecía inscrito a nombre de un tercero.

La arrendataria admite la existencia de un defecto en la descripción de la finca arrendada, que fué anotado por el registrador, y admite que es correcta la resolución en lo que a la novena parte pro indivisa se refiere, pero apela de la negativa de inscribir el contrato de arrendamiento en lo relativo a las ocho novenas partes restantes.

La sección 4 de la "Ley sobre recursos contra las resoluciones de los registradores de la propiedad," aprobada el primero de marzo de 1902, Estatutos Revisados de 1911, (sec. 2183), dice así:

"Los registradores no suspenderán por defectos subsanables la inscripción, anotación o cancelación de ningún título. En la inscripción harán constar los defectos que contenga el título y en cualquier tiempo en que se presente la documentación para subsanarlo, se hará constar la subsanación por medio de nota marginal."

Cuando una escritura notarial parece haber sido otorgada por un apoderado y se presenta para su inscripción al registro de la propiedad, el dejar de presentar la escritura de poder no constituye un defecto insubsanable. Tal omisión "puede subsanarse" dentro del significado de la dis-

posición arriba citada, según ha sido interpretada por esta corte en el caso reciente de *Enrique Ramírez Prosperi* v. *Registrador de San Germán,* 38 D.P.R. 771.

Véanse también los casos de *Maestre* v. *Registrador,* 14 D.P.R. 682; *Gutiérrez* v. *Registrador,* 14 D.P.R. 617; *Calenti* v. *Registrador,* 14 D.P.R. 692, y *Fano* v. *Registrador,* 15 D.P.R. 334.

*La resolución recurrida debe ser revocada en lo referente a la negativa a inscribir las ocho novenas partes indivisas.*