UNIVERSAL COMMERCIAL Co., INC., recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

No. 868.—*Sometido:* Junio 8, 1932.—*Resuelto:* Junio 24, 1932.

*Enrique Campillo,* abogado de la recurrente; el Registrador recurrido compareció por escrito.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

La Universal Commercial Company, Inc., presentó al Registro de la Propiedad de San Juan un documento que decía ser la escritura de venta de una finca ubicada en Santurce. La vendedora mencionada en la escritura era la Universal Commercial Company, "representada por su socio gestor Gonzalo Diago Rodríguez." El registrador denegó la inscripción de la escritura, fundándose en que Gonzalo Diago Rodríguez no había acreditado debidamente su carácter y facultades como socio gestor de la Universal Commercial Company. La recurrente, Universal Commercial Company, Inc., admite que el que Diago dejara de acreditar su carácter y facultades era un defecto, pero sostiene que el mismo era subsanable, y cita varias opiniones de esta corte en apoyo de su contención.

En 1923, Diego Agüeros & Co., S. en C., como vendedora, representada por su socio gestor, vendió a alguien una finca. El registrador denegó la inscripción del documento, por no haberse acreditado las facultades del socio gestor. Sucedió en dicho caso que la escritura de compraventa a Diego Agüeros & Co. había sido inscrita y que en dicha escritura Diego Agüeros comparecía como socio gestor para aceptar la escritura de venta. Esta corte resolvió que la posición de Agüeros al adquirir podía ser distinguida de su posición al efectuar una venta; que el defecto anotado por el registrador, que el recurrente admitió, podía ser o no subsanado; que si Diego Agüeros tenía facultad para otorgar el documento a nombre de la sociedad, el defecto podía ser subsanado con la mera presentación de la escritura social, pero que si él no tenía tal facultad y la sociedad no ratificaba la venta, ésta sería enteramente nula. El Tribunal indicó que el medio más rápido para el recurrente hubiera sido presentar la escritura de constitución social. *Palacios* v. *Registrador,* 32 D.P.R. 454.

La decisión en que principalmente se funda la recurrente

es la de *Acarón* v. *Registrador,* 39 D.P.R. 179, así como los casos allí citados. No se consideró el caso de Palacios, *supra.* El caso de Acarón fué uno en que un supuesto apoderado compareció ante un notario para otorgar una escritura y en que el poder no fué acompañado a la escritura ni se presentó ninguna otra prueba para demostrar la existencia del mismo. Este Tribunal resolvió que cuando una escritura resultaba haber sido otorgada por un apoderado, el dejar de presentar el poder mismo era meramente un defecto subsanable. El registrador indica que la ausencia de un poder es distinta al hecho de que un supuesto socio gestor omita probar su carácter como tal.

Quizá el registrador tenga razón. De momento sería difícil, sin embargo, señalar la característica que distingue a los dos casos. De todos modos, el Tribunal, después de una debida consideración, ha resuelto seguir la regla sentada en el caso de Palacios, *supra.* Los otros casos citados, en que se fundó la opinión del caso de Acarón, no tienen, a nuestro juicio, una tendencia tan fuerte contra el de Palacios.

*Debe confirmarse la nota recurrida.*

El Juez Asociado Señor Hutchison disintió.*